Mrs. Gatsie Modlin (Alleged Transferee, Estate of E. D. Modlin, Deceased, Transferor) v. Commissioner.
Modlin v. Commissioner
Docket No. 30339.
United States Tax Court
1953 Tax Ct. Memo LEXIS 408; 12 T.C.M. (CCH) 11; T.C.M. (RIA) 53010; January 12, 1953
*408 Deficiencies for the years 1945 and 1946 were determined against petitioner's deceased husband and were assessed against his estate. The assets of the estate were transferred to petitioner, and the respondent held her liable as a transferee under Section 311 (a) (1) of the Code. Held, the respondent established a prima facie case of transferee liability; and, since petitioner failed to rebut it, she is liable as a transferee. Mrs. Gatsie Modlin, pro se. Ralph V. Bradbury, Jr., Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion Respondent determined deficiencies against E. D. Modlin, deceased husband of the petitioner, for the years 1945 and 1946 in the respective amounts of $2,097.86 and $2,423. Petitioner does not contest that determination, but alleges error on the part of the respondent in holding her liable as transferee of the assets of the estate of said E. D. Modlin. Petitioner did not appear in person or by counsel at the hearing, but subsequently filed a reply brief to the respondent's brief. Findings of Fact The petitioner is an individual residing at Ocala, Florida. The returns for the years involved were filed by the *409 petitioner's deceased husband, E. D. Modlin, with the Collector of Internal Revenue for the District of Florida. E. D. Modlin died intestate on October 27, 1947, leaving a widow (the petitioner), three daughters, and a son. The petitioner was duly appointed and qualified as administratrix of the estate of her deceased husband on November 7, 1947. In the petition for letters of administration filed by the petitioner on November 7, 1947, in the County Judge's Court in and for Marion County, Florida, she estimated that the decedent died seized of assets of an aggregate estimated value of $10,000. An inventory of the assets of the estate, appraised at $12,953.83 as of October 27, 1947, as set forth in a "Report of Appraisers," was recorded for probate in said county court. The petitioner, as administratrix of the estate, accepted the appraisement and adopted the same as the inventory of the assets of the estate of the decedent as of the date of his death. On September 21, 1948, the petitioner, as administratrix of the estate, filed with the said county court "Petition for Order of Distribution and for Discharge," together with certain attachments, wherein she acknowledged that on *410 September 20, 1948, certain specified assets valued at $10,446.91, constituted a true inventory of all the property of the estate. Petitioner stated, in said petition, that she had paid all the debts and had rendered to the court due accounts of her administration, and that she was ready to make distribution of the estate according to law. By a properly executed document filed in said county court described as a "Consent and Waiver of Heirs," all the heirs of the decedent accepted and approved the reports filed by the petitioner as administratrix of the estate and consented to the assignment and transfer of certain specified assets of the estate to the petitioner individually and waived all or any claims as heirs of the decedent to the described property and consented that petitioner be discharged from all liability as administratrix. The assets specified corresponded in description to the assets set forth in petitioner's statement of assets filed with the court as of September 20, 1948; with the exception of an installment note which was included in said statement of assets at a value of $250.97, but was not referred to in the consent and waiver; and with the exception of a mortgage *411 (no value shown but stated to secure $1,250), which was referred to in the consent and waiver, but was not included in the statement of assets. On January 10, 1949, the county judge entered an order approving the final return of the petitioner as administratrix and discharging her from liability as such administratrix. It was stated in such order that it appeared "that distribution has been made in accordance with the law," and "that evidence satisfactory to the undersigned County Judge that distribution has been made has been filed in this court." On January 26, 1949, the respondent mailed to the estate, in care of the petitioner, a statutory notice of deficiency asserting the deficiencies in income tax here in question. The deficiencies were assessed on June 2, 1949. The sum of $205.50 was paid with respect to the taxable year 1945, but nothing has been paid with respect to the taxable year 1946. On the date of decedent's death, October 27, 1947, his assets were valued at not less than $12,953.83. On September 20, 1948, the petitioner, as administratrix of the estate, had possession of assets of the estate valued at $10,446.91; all debts of the estate were paid; and shortly *412 thereafter the petitioner, in her individual capacity, received assets from the transferor estate, without adequate consideration, valued at not less than $10,446.91. After and by reason of such transfer, the transferor estate was rendered insolvent and unable, and is still unable, to pay the deficiencies at issue herein. Opinion RICE, Judge: The respondent has the burden of proof in a transferee proceeding. The petitioner did not appear, nor was she represented at the hearing of this case. She subsequently filed a brief in reply to the respondent's brief, the substance of which is that respondent failed to sustain his burden of proof and that she is, therefore, not liable as a transferee. Our findings of fact show clearly that the respondent established a prima facie case; and it is settled law that the burden of coming forward with evidence in rebuttal thereof then shifts to petitioner. ; (C.A. 6, 1943); (C.A. 2, 1933); , affd. *413 (C.A. 9, 1932). Since petitioner failed to come forward with evidence to rebut such prima facie case, we hold for respondent. Because a part of one deficiency has been paid, Decision will be entered under Rule 50.